Matter of Rayquan Reginald M. (Monique P.) (2018 NY Slip Op 01281)





Matter of Rayquan Reginald M. (Monique P.)


2018 NY Slip Op 01281


Decided on February 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2018

Acosta, P.J., Friedman, Richter, Kapnick, JJ.


5860 5859

[*1]In re Rayquan Reginald M. and Another, Dependent Children Under the Age of Eighteen Years, etc., Monique P., Respondent-Appellant, Heart Share Human Services of New York, Roman Catholic Diocese of Brooklyn, Petitioner-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.
Wingate, Kearney & Cullen, LLP, Brooklyn (Kreuza Ganolli of counsel), for respondent.
Dawne A. Mitchell, the Legal Aid Society, New York (Patricia Colella of counsel), attorney for the children.



Orders of disposition, Family Court, New York County (Emily Olshansky, J.), entered on or about August 22, 2016, which, upon findings that respondent mother had an intellectual disability as defined in Social Services Law § 384-b(6)(b), terminated her parental rights to the subject children and transferred custody of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The court-appointed psychiatrist provided clear and convincing evidence that the children were in danger of being neglected due to the mother's intellectual disability (see Social Services Law § 384-b[6][b], [c]; Matter of Kasey D. [Richard D.], 100 AD3d 417, 418 [1st Dept 2012]). There was ample evidence of the mother's maladaptive parenting before the children were removed from her care (see Matter of Melody Xena A., 297 AD2d 613 [1st Dept 2002]), and the foster mother's testimony established that although the mother had been working with a visiting coach for two years, she never progressed to unsupervised visitation, could not control the children, and was unable to get them in and out of their leg braces.
Given the court-appointed psychiatrist's undisputed testimony that the mother was unable to care for the children now or in the foreseeable future and that additional parental training would not enhance her parenting and other skills, a dispositional hearing was not necessary to [*2]find that the termination of her parental rights was in the best interests of the children (see Matter of Joyce T., 65 NY2d 39, 49 [1985]; Matter of Kasey, 100 AD3d at 418).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2018
CLERK